# APPEAL OF ANDERSON & LIND MANUFACTURING CO.

Docket No. 3074.   Submitted May 27, 1925.   Decided November 11, 1925.

> During the year 1919 the taxpayer charged off its books many accounts claimed to have been ascertained to be worthless during the year. *Held*, that a portion of the amount charged off is a legal deduction from gross income.

*Jesse I. Miller, Esq.*, for the taxpayer.
*Robert A. Littleton, Esq.*, for the Commissioner.

Before SMITH, JAMES, LITTLETON, and TRUSSELL.

This appeal is from the determination of a deficiency in income and profits tax for the calendar year 1919 in the amount of $5,437.39. The taxpayer alleges error on the part of the Commissioner in disallowing a deduction from gross income of that year of $14,545.90, of a total deduction of $15,335.12 representing bad debts ascertained to be worthless and charged off within the year. The taxpayer also petitions for relief and asks that its tax liability for the year 1919 be determined under section 328 of the Revenue Act of 1918, on the ground that there was an abnormality in net income for the year.

## FINDINGS OF FACT.

The taxpayer is an Illinois corporation with its principal office in the City of Chicago. It was incorporated in 1905. It is engaged in the manufacture of millwork and in furnishing material to contractors for the erection of dwelling houses and other buildings. In 1911 it charged off its books of account an accumulation of debts which in that year it determined to be worthless. Only very small amounts were charged off as bad debts during the years 1911 to 1918, inclusive. The building industry in Chicago was depressed and, although certain accounts were not promptly collected, the taxpayer believed that they would be collected when business conditions got better. There was a revival of building operations in the year 1919 and the taxpayer did a comparatively prosperous business. It then made a careful survey of its uncollected accounts and determined that from 100 to 125 of them were uncollectible. This determination was made only after a careful investigation in each case. Many of the accounts charged off had been on the books since 1912 and 1913. Among them was one of an amount owed by Harry Feigenbaum of $793.99. Feigenbaum went into bankruptcy in 1915 or 1916. After going through bankruptcy he came to the taxpayer's office and made a promise that he would pay the account. It was not charged off until 1919. Another of the accounts was that of Carlow White. This debtor had given a promissory note to the taxpayer to cover

the amount due, but the taxpayer had been unable to realize anything on it. In 1919 this note was sold to Kent R. Deak, who agreed to return the note within 30 days or pay to the taxpayer $700 therefor. The note was endorsed to Deak without recourse. Deak failed to fulfill either requirement, and at the close of the year 1919 the Carlow White account was added to the list of the others determined to be worthless. Another account was that of H. L. Borghum. The taxpayer's attorney had been instructed in 1915 or 1916 to institute suit for the collection of this account. At the date of the hearing the only witness who appeared for the taxpayer was unable to state whether suit had been actually instituted or, if so, whether judgment had been obtained. The amount due on this account was collected in 1920.

The amount of the debts ascertained to be worthless and charged off within the year 1919 was $14,223.13.

The taxpayer had three officers, all of whom devoted their entire time to the business, working from 10 to 12 hours per day. Up to July, 1919, the president was drawing a salary of $35 a week, the secretary-treasurer $30 a week, and the vice president $30 a week. The total salaries for 1919 were about $6,100.

#### DECISION.

The deficiency should be computed in accordance with the following opinion. The determination will be settled on 10 days' notice, in accordance with Rule 50.

#### OPINION.

SMITH: The taxpayer appeals from the action of the Commissioner in disallowing $14,545.90 of a total deduction of $15,335.12, representing bad debts ascertained to be worthless and charged off during the calendar year 1919.

From the evidence we are of the opinion that most of the accounts claimed to have been ascertained to be worthless and charged off during the year 1919 were *bona fide* ascertained to be worthless during that year. We are of the opinion, however, that the taxpayer had no ground for claiming that its account against Harry Feigenbaum in the amount of $793.99 had any value in 1919. Feigenbaum had gone through bankruptcy in 1915 or 1916, and the only hope which the taxpayer had that Feigenbaum would ever pay his debt was an oral promise. We think that the ascertainment of the worthlessness of this account was prior to 1919. We also think that the evidence does not support the claim of ascertainment of worthlessness during the year 1919 of the account of H. L. Borghum in the amount of $318. We are of the opinion that the ascertainment of

the worthlessness of accounts to the amount of $14,223.13 was made during the year 1919.

The taxpayer has submitted no evidence which would prove such an abnormality of income for the year 1919 as would warrant the assessment of tax under section 328 of the Revenue Act of 1918.